Case number 22-7002, Kim Keister, a balance, versus American Association of Retired Persons, Inc. Ms. Clark for the balance, Ms. Davis for the appellate. Morning, counsel. Good morning. Ms. Clark, please proceed. Thank you. After receiving his, filing his complaint against Aetna, an AARP benefit committee, and understanding it was going to be dismissed, Kim Keister filed a complaint against AARP before a final judgment was entered. This case has been brought because the district court concluded that the claim was barred by both claimant and issued conclusion. For the following reasons, the plaintiff says that that's incorrect. First of all, with regard to the original case that was brought, it was brought under ERISA section 502A1B. A1B only allows a participant to enforce the terms of a plan. And in that case, that would have been the contract between AARP and Aetna. So it would have been a claim against Aetna. And AARP's benefit committee was a fiduciary named in that plan, who we, at the time we filed the complaint, believed could have been an administrator. So ERISA and the Supreme Court has held that 502A1B claims are limited to enforcing the terms of the plan against the fiduciary. That's the claim that was dismissed, and Keister won. That's what I'll call it. The claim that's been brought now is about misrepresentation. The Supreme Court has held that there is no inducement of Mr. Keister by AARP to sign a contract that waived claims based on misrepresentation of his rights. Now, in Verity v. Howe, the Supreme Court held, and at Verity v. Howe, 516 U.S. 489. The Supreme Court recognized that there could be individual recovery under 502A3. A3 could be brought against not just fiduciaries, but non-fiduciaries. This case was brought against the plan sponsor. So it is not a claim against AARP in a fiduciary role, but in a sponsor role. Let's suppose I agree with everything that you've said. Don't you still have an issue that claim preclusion doctrine is written because they don't want people to split claims? So, if you could have brought the claims in the second lawsuit in the first lawsuit, then doesn't claim preclusion still apply? My answer is two ways. First, I think from a legal standpoint, this court has raised, I think, for Plaintiff's Counsel a real concern about whether or not it's appropriate to do this. And I'll cite the case, Clark v. Fader, Silo and Bard, 527F subsecond, 112, and page 116 of that case. I'm sorry. I think I said it was this court. It was the district court. I apologize. That case was, that complaint had both a 502A1B claim and a 502A3 claim. And the risk that you run with regard to bringing both is that the court might conclude that you're looking for the same remedies, and therefore, that you're looking under A3 for the same remedies you could get under A1B. In the case, in Heister 1, there was no ability to conduct discovery. And the case that I've cited, the Clark v. Fader, Silo and Bard, there was discovery in order for you to reach that issue. Given the fact, I think... But I don't, I guess I'm trying to understand what you're getting at. I mean, plaintiffs bring alternative theories of liability all the time. A breach of contract claim, a tort claim, fraudulent inducement claim. And it may be that you can't have double, triple, quadruple recovery because the injuries are going to be in the remedies, the damages are going to overlap. But that doesn't mean that you get to bring your tort claim and then see how that works out and then bring your breach of contract claim and see how that works out and then bring your fraudulent inducement claim, et cetera, et cetera. Yeah, I disagree to the extent that we're talking about ERISA claims because of the uniqueness of who it is that can provide the benefit. So if this were originally a breach of... If Heister 1 was a breach of fiduciary duty claim against Aetna and AARP's benefit committee and we didn't include AARP as an entity, then I think, yes, we are... Splitting, claim splitting would be something that's appropriately brought against the plaintiff here. But that's not what happened. Here, he was seeking benefits under the terms of the plan and the only way he could bring those claims was to bring it against the insurance company and the administrator. And AARP is neither in that case. And so I think if he did not have, which he didn't at the time he filed Heister 1, if he did not have a reasonable basis to understand that there was a breach of fiduciary duty, in this case, a misrepresentation of fact, inducing him into signing his rights away, I think it would have been inappropriate as a plaintiff to bring that claim without any evidence, without a good faith belief that that was a claim that you could bring. It's only after the fact, understanding the position of Aetna and the administrator, that he then understood what the real context of that contract was. But he could have amended his complaint that had those claims, right? He made an effort to do that and was basically told that that was something that was not going to be allowed in that case. That was part of the oral argument and summary judgment. And your remedy for that is to appeal that denial of the motion to amend, right? Which we did, and we were told that the judge was within her discretion to deny that. So aren't we essentially, in effect, in a position of second-guessing that earlier ruling of a prior panel? I don't think we're second-guessing something that wasn't presented to them in total. Because what was not presented to that panel were the facts of misrepresentation. What was not presented to that panel were the facts of the omission. What was before the panel was the contract and whether or not there would be evidence that could be taken with regard to the enforcement of that contract. And I think that was a very distinct issue. And if below in Keystone 1 or before the panel, there had been issues and facts presented about the misrepresentation that was made to Mr. Keystone when he signed his rights away, I think that would be a very different thing. But those facts were not taken into account. They were not allowed to be developed below. They were just considered to be something that would not change the nature of the contract. It wasn't viewed from the standpoint of what induced the person to sign the contract, the omission or the misrepresentation. It was instead looked at from the standpoint of, do we take that into account in order to interpret the contract? And I think that's very different. It did ask to preserve. We'll give you a rebuttal time. Thank you, Miss Clark. Miss Davis, we'll hear from you. Good morning. May it please the court. I will address Judge Wilkins' question about splitting claims and the ability of Mr. Keystone to amend his complaint. As Miss Clark argued and pointed out, at oral argument, the issue of whether or not there were misrepresentations were raised before the district court. Mr. Keystone had the opportunity at that point to raise any fact that would have been a basis to allow discovery on this issue. But even at that stage, we would have objected because it would have been too late. And also not in the proper form under the rule for seeking discovery in response to a motion for summary judgment. The proper course, which Miss Clark should have followed in responding to our argument that the case should be dismissed because of the existence of a severance agreement, would have been to file a Rule 5060 declaration and set forth the discovery which she would require. In addition, with respect to amending the complaint, the complaint could have been amended any time within 21 days after we filed our motion. And she also could have sought leave at that point on the basis that she needed discovery and chose not to. What was the first response? Did you file an answer or was your first response a motion to dismiss or was it a motion for summary judgment in the first case? In the first case, it was a motion for summary judgment. And so one free amendment could have been made without any leave of court within 21 days of filing of that vote. Your argument? I actually misspoke because we did file an answer. You filed an answer. But she could have sought leave from the court to amend once she became aware of the existence of this other claim where she could have brought in AARP. Rather than doing so, Mr. Keister waited to file Keister 2, which is the reason why we're here today, after receiving the order, tentative order, from the court on September 30th and then filed this action on October 1. I thought there was a motion for leave to amend. No? In the first action, was there not? There was not a motion for leave to amend. There was an oral request. Okay, right. An oral request. Not a formal motion. Not a formal motion. And the district court did respond by saying that the fact that we're proffered were not sufficient to establish any type of fraud that would have supported a claim for misrepresentation. So Mr. Keister has not been denied the opportunity to raise that legal theory in response to his inability to collect long-term disability benefits. Separate and apart from that, the court also made a ruling that the severance agreement that he signed was enforceable. And therefore, he was well aware or should have known about any claim that existed prior to him signing the agreement. And he waived those claims by entering into the severance agreement. So, regardless of the fact that Mr. Keister may believe that he could bring a separate action in order to get a second bite at the appeal as to his denial of his long-term disability claims, he waived that right by signing the severance agreement. We have the decision in Keister 1, which finds that the severance agreement is enforceable. And applying race judicata, therefore, he's foreclosed from pursuing Keister 2. And so, the district court's decision should be affirmed on that ground. Can I ask you a question just about claim preclusion doctrine and the way it works? I know you, it sounds like, and I've looked at the council list, I know you were involved in Keister 1. And so, in some ways, it seems like a continuation of that case, even vis-a-vis the parties. But is it the case that any time there's a judgment involving a subsidiary, that that judgment necessarily encompasses the parent also for purposes of claim preclusion and they're treated as the same party? Not in every case. But in this situation, we have a common nucleus of fact. This all relates to Mr. Keister's application for long-term disability benefits and his eventual signing away of his rights to bring claims against AARP and any of the other releases. And so, in this case, claim preclusion should apply. So, I take the point that you need a common nucleus of operative fact for claim preclusion. I guess I'm just looking at the same party's element of claim preclusion, which is a separate one. It has to be the same party. I was wondering, is it the case that two parties are necessarily considered the same party for purposes of that part of claim preclusion doctrine, whenever one party is the parent or subsidiary of the other one? If there are facts that establish the connection between the affiliated entities, yes, it would apply. So, in this case, we have, in the original Keister one, there was Aetna, which was the plan administrator. And we had AARP Benefits Committee, which was the plan. And now, in this case, we have AARP, which is the plan sponsor. And so, there is a relationship between all three parties. And you mean a relationship between... There's always a relationship between a parent and subsidiary, at least in a formal legal sense, because one is the parent of the other. You're not saying that that, in and of itself, is enough to render them the same parties. There has to be more of a relationship than that? Yes, that's my position. And the more of the relationship that's present here, and this suffices, is that the parent and the subsidiary are both involved in the administration of plan benefits?  That's the way you're looking at it? Was that disputed in the district court? I don't believe it was disputed. Yeah, I thought that was a given, that the subsidiary and the parent were contributing with one another. It was not litigated. Right, in Keister one, there was... Let me ask you another question. I've just looked. I was not aware that you filed an answer, and I looked at the docket sheet. I may be mistaken. I thought we had... There's no answer in the docket sheet. I may be mistaken, then, with my recollection. Okay. Thank you, counsel. Unless you have anything further, I think we have no further questions. Nothing further. I just request that you affirm the decision. Thank you. Thank you. Thank you. Ms. Clark, we'll give you the two minutes you asked for, for rebuttal. I'd like to address the issue that was just raised about the parent and subsidiary. I think in the ERISA context, you cannot look at it the same way. The fiduciary is completely independent of the plan sponsor, and their functions are completely different. Acts to amend the plan, for example, cannot be considered fiduciary acts, and those are typically the acts by a plan sponsor. In this case, we're talking about a misrepresentation that's being made by a plan sponsor. That is action. And so I don't think that... I think that they are... Because there are distinct acts between the administrator and the distinct act by AARP, in this case their HR department, that the HESA 1 could have never addressed the HR department because their acts were not part of that original case. And they couldn't have been under a 502A1B claim. Because, again, a 502A1B claim is limited to enforcing the terms of the plan. And the plan would have been the insurance contract between AARP and Aetna. Just so that I make sure I understand your argument, you aren't contending that because of some sort of joinder or any other kind of rules, you couldn't have brought the claims in Keyster 2 in Keyster 1, right? There's nothing, no law or rule or procedure that would preclude you from bringing those claims together against all of the relevant parties, right? If I had amended the plan to add AARP as a defendant, I could have brought the claim. With the existing defendant, I could not have brought the claim. So the issue was not that you were prevented from doing so by any sort of a rule or principle or doctrine or law. It was that you weren't aware of the basis for Keyster 2 when you brought Keyster 1, the factual basis. Factual basis, that is correct. I think Judge Randolph asked a question of your friend on the other side this. Did you challenge whether there was privity between AARP and the fiduciary, as you put it? Did you challenge the privity argument below when that was raised as a basis for a claim or issue? I challenged the privity issue. Did you say at the end that they weren't the same party? Did you argue that they weren't the same party below? I believe that we did because they are not the same party. I believe our arguments have been very consistent that because the claim is being brought against the plan sponsor, that's a completely different entity than the fiduciary and or administrator. Thank you. Thank you. Thank you, counsel. Thank you to both counsel. We'll take this case under submission.
judges: Srinivasan, Wilkins, Randolph